# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:19-cv-01101-AG-KES                                    Date: July 9, 2019

Title:  WILLIAM FREDERICK ZIETZ v. SAN BERNARDINO COUNTY SHERIFF

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**          **Order Dismissing Complaint with Leave to Amend (Dkt. 1)**

Pro se Plaintiff William Frederick Zietz ("Plaintiff"), an inmate in the custody of San Bernardino County, has filed a civil rights complaint under 28 U.S.C. § 1983 against an unnamed San Bernardino County Sheriff.  (Dkt. 1.)

Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity."  The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it fails to state a claim.  The Complaint is therefore DISMISSED WITHOUT PREJUDICE.

## I.   LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).  In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the liberal pleading standard only applies to a plaintiff's factual allegations. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

If the Court finds that a complaint should be dismissed for failure to state a claim, then the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    ANALYSIS

The Complaint names as the sole Defendant an unnamed San Bernardino County Sheriff, who "oversee[s] inmates in the county jail," in his/her official capacity.[1] (Dkt. 1 at 2.) Plaintiff alleges that Defendant violated his rights to "medical, due process, access to the courts, [and] freedom of religion." (Id. at 3.) Plaintiff alleges: (1) he was "denied proper medical care and Dr. prescribed treatment or medicines"; (2) he was "not allowed to go to court and was held against [his] will in ROC program"; (3) there was an "unwarranted delay of time"; and (4) he was "not allow[ed] to practice Catholic religion or full kosher diet." (Id.) Plaintiff requests damages and an injunction to prevent "further ill/vain treatment or possibility of any further incarceration." (Id. at 7.)

The Complaint does not contain sufficient facts to state any claim. To avoid dismissal for failure to state a claim, "a complaint must contain *sufficient factual matter*, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal citation and quotation marks omitted) (emphasis added); see also Bell Atlantic Corp. v.

---

[1] An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Put differently, such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166. A municipality or local-government entity may be held liable under § 1983 only for injuries arising from official policy or longstanding custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). If Plaintiff files an amended complaint, then he should identify the policy/custom that is the moving force of the violations. Alternatively, Plaintiff may sue Defendant in his/her individual capacity, showing either direct, personal participation of Defendant in the harm or some sufficient causal connection between Defendant's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Plaintiff does not include sufficient factual allegations to permit the inference that Defendant is liable for any of the four violations alleged.

Plaintiff's inadequate medical care claim does not allege, for example, the nature of his medical need, whether he reported his medical need to Defendant or other jails officials, or the extent of the care provided. Plaintiff's access to the courts claim does not allege, for example, how Defendant interfered with his access to the courts, the nature of his injury (e.g., whether he was unable to meet a filing deadline or to present a claim), or the nature of the impeded action (e.g., what the claim was and whether the action was criminal or civil). Plaintiff's due process claim does not allege, for example, the nature of the proceeding that was delayed or why the delay was "unwarranted." Plaintiff's religious freedom claim does not allege, for example, how a jail regulation is burdening his sincerely-held religious belief (e.g., how is the jail preventing him from practicing Catholicism, and how does a Kosher dietary restriction factor into his Catholic beliefs?).

In sum, to state a claim for relief, Plaintiff must include more facts. Plaintiff may attach exhibits to illustrate his claims (e.g., any forms he submitted and any denials he received to obtain medical care, Kosher meals, etc.).

## III.    CONCLUSION

IT IS HEREBY ORDERED that the Complaint (Dkt.1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before August 9, 2019**, Plaintiff shall (a) file a First Amended Complaint that attempts to remedy the defects described above, (b) voluntarily dismiss the Complaint, or (c) re-file the Complaint.

If Plaintiff chooses to file a First Amended Complaint, then it should bear the docket number assigned to this case 5:19-cv-01101-AG-KES, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

If Plaintiff chooses to simply re-file the Complaint without making material changes, then the Magistrate Judge may recommend that the District Judge dismiss the Complaint with prejudice and without leave to amend.

**If Plaintiff fails to timely respond to this order by filing a First Amended Complaint or notice of voluntary dismissal, then this action may be dismissed for lack of diligent prosecution.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-01101-AG-KES

Date: July 9, 2019
Page 4

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints and Form CV-09 for voluntary dismissal.

Initials of Deputy Clerk <u>JD</u>

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
          *Date*                          *Signature of Attorney/Party*

*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

*To be supplied by the Clerk*

PLAINTIFF,

v.

DEFENDANT(S).

### CIVIL RIGHTS COMPLAINT
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____


## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                          (print plaintiff's name)

who presently resides at _____,
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

---

on (date or dates) _____, _____, _____.
                       (Claim I)           (Claim II)          (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
                (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

2.  Defendant _____ resides or works at
                (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.  Defendant _____ resides or works at
                (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____    _____
            *(Date)*                        *(Signature of Plaintiff)*

**CIVIL RIGHTS COMPLAINT**